```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
             -v-                                                  :     23-CR-243 (JMF)
                                                                  :
ALEJANDRO ALCANTARA PAREDES,                                      :     MEMORANDUM OPINION
                                                                  :          AND ORDER
                                    Defendant.                    :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On April 12, 2024, Defendant filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023, and applies retroactively. *See* ECF No. 28. "In determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court must first "determine the amended guideline range that would have been applicable to the defendant if" the Amendment "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1.10(b)(1). U.S.S.G. § 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the Guideline range, as amended, the defendant is ineligible for a reduction under Section 3582(c)(2). *See, e.g.*, *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

In light of the foregoing, Defendant is ineligible for a reduction in his sentence. At sentencing, Defendants' offense level was 31 and his Criminal History Category was IV,

yielding a Guidelines range of 151 to 188 months' imprisonment.  *See* ECF No. 26, at 4.  Had Amendment 821 been in effect, Defendant's Guidelines range would have been 135 to 168 months' imprisonment (because he would not have "status points").  *See id.* at 5.  The Court adopted that as Defendant's "effective" Guidelines range.  *See id.*  And regardless, his sentence of 100 months' imprisonment fell below the low end of that range.

For the foregoing reasons, Defendants' motion is DENIED.  The Clerk of Court is directed to terminate ECF No. 28 and to mail a copy of this Memorandum Opinion and Order to:

> YERRY LORA-MADE
> aka Alejandro Alcantara Paredes
> Register No. 71216-050
> FCI Hazelton
> Federal Correctional Institution
> P.O. BOX 5000
> Bruceton Mills, WV  26525

SO ORDERED.

Dated: April 19, 2024
      New York, New York

_____
JESSE M. FURMAN
United States District Judge